IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SACKDA SERMSAP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:05-cv-1025-F |
| | ) |
| CITY OF MONTGOMERY, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANTS
## TO AMENDED COMPLAINT

**COME NOW** Defendants, City of Montgomery, Willie Peak, William Manasco, Noah Johnson and David Hatcher and as Answer to Plaintiff's Amended Complaint state the following:

### ANSWER

### NATURE OF THE CASE

1. Defendants deny the allegations in paragraph 1 of the Amended Complaint and demand strict proof thereof.

### JURISDICTION

2. Admitted

3. Defendants deny the allegations in paragraph 3 of the Amended Complaint and demand strict proof thereof.

4. Defendants deny the allegations in paragraph 4 of the Amended Complaint and demand strict proof thereof.

## VENUE

5. Defendants admit that they are located and/or doing business in the Middle District of the Northern Division of Alabama but deny the remaining allegations in paragraph 5 of the Amended Complaint and demand strict proof thereof.

## PARTIES

6. Defendants deny the allegations in paragraph 6 of the Amended Complaint and demand strict proof thereof.

7. Admitted.

8. Defendants admit that Defendant Willie Peak serves as an assistant to the Mayor but deny the remaining allegations of paragraph 8 and demand strict proof thereof.

9. Defendants admit that William Manasco was the City Engineer for the City for Montgomery and as such, supervises Technical Services, which include the Engineering and Landfill Divisions. Defendants deny the remaining allegations in paragraph 9 and demand strict proof thereof.

10. Admitted.

11. Admitted.

## FACTUAL BACKGROUND

12. Admitted.

13. Defendants deny the allegations in paragraph 13 of the Amended Complaint and demand strict proof thereof.

14. Defendants deny the allegations in paragraph 14 of the Amended Complaint and demand strict proof thereof.

15. Defendants deny the allegations in paragraph 15 of the Amended Complaint

and demand strict proof thereof.

16. Defendants deny the allegations in paragraph 16 of the Amended Complaint and demand strict proof thereof.

17. Defendants deny the allegations in paragraph 17 of the Amended Complaint and demand strict proof thereof.

18. Defendants deny the allegations in paragraph 18 of the Amended Complaint and demand strict proof thereof.

19. Defendants deny the allegations in paragraph 19 of the Amended Complaint and demand strict proof thereof.

## COUNT ONE

## DISCRIMINATION – NATIONAL ORIGIN

20. Defendants deny the allegations in paragraph 20 of the Amended Complaint and demand strict proof thereof.

21. Defendants deny the allegations in paragraph 21 of the Amended Complaint and demand strict proof thereof.

22. Defendants deny the allegations in paragraph 22 of the Amended Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Defendants plead the general issue and deny any allegations not specifically denied and demand strict proof thereof. Defendants deny that they acted in any manner which would constitute a violation of Title VII.

## SECOND DEFENSE

Defendants plead that fictitious party practice is not permitted under the Federal Rules of Civil Procedure. *New v Sports & Recreation, Inc.*, 114 F. 3d 1092, 1094 n.1 (11th Cir 1997); *Edwards v Alabama Department of Corrections*, 81 f. Supp. 2d 1242, 1257 (M.D. Ala. 2000).

## THIRD DEFENSE

Individual named Defendants plead that the suit against them in their official capacities is redundant to the suit against the City of Montgomery and should be dismissed. *Wallace v. City of Montgomery,* 956 F. Supp. 965 (M.D.Ala., 1996) *citing Parker v. Williams*, 862 F.2d 1471, 1476 n.4 (11th Cir.1989).

## FOURTH DEFENSE

Defendants plead that their actions or practices did not cause a violation of Plaintiff's civil rights.

## FIFTH DEFENSE

Defendants plead that Plaintiff's Amended Complaint should be dismissed in there is no evidence of discrimination or of a policy or practice which violated Plaintiff's civil rights.

## SIXTH DEFENSE

Defendants plead substantive and/or discretionary function immunity.

## SEVENTH DEFENSE

Defendants plead insufficiency of service of process and insufficiency of process.

## EIGHTH DEFENSE

Defendants plead immunity from punitive damages and plead Alabama's

statutory cap on damages.

## NINTH DEFENSE

Defendants plead caps on damages pursuant to the Civil Rights Act of 1991.

## TENTH DEFENSE

Defendants plead that Plaintiff is not entitled to damages for emotional distress and suffering for the alleged acts of discrimination.

## ELEVENTH DEFENSE

To the extent applicable, Defendants plead statute of limitations, estoppel, waiver and/or laches.

## RESERVATION OF DEFENSES

The Defendant reserves the right to plead additional defenses as they become known in the course of discovery.

Respectfully submitted this the 30th day of November, 2005.

_____
Kimberly O. Fehl (FEH001)

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
(334) 241-2310 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have mailed a copy of the above and foregoing to the attorneys listed below by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, this 30th day of November, 2005:

Hon. Juraldine Battle-Hodge
207 Montgomery St, Suite 215
Montgomery, Alabama 36104

_____
Of Counsel