IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Sackda Sermsap, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF MONTGOMERY, WILLIE PEAK, in his official capacity as the Mayor's Assistant, WILLIAM MANASCO in his official capacity as City Engineer, NOAH JOHNSON in his official capacity as Solid Waste Supervisor, DAVID HATCHER in his official capacity as Assistant Waste Supervisor, and Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained, <br><br> Defendants. | CIVIL ACTION NO. 2:05CV1025-F <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**COMES NOW** Sackda Sermsap, Plaintiff, and for his complaint against Defendants and their agents and representatives (Defendants) hereby complains as set forth herein below.

## NATURE OF THE CASE

1. This lawsuit is brought by Sackda Sermsap, (Plaintiff) seeking permanent relief from unlawful discriminating practices by Defendants. Plaintiff has been adversely affected by discrimination involving promotion, compensation, assignments, and other terms and conditions of employment as a result of Defendants failing to remedy systemic employment

1



discrimination on the basis of race. The practices committed by Defendants violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII").

## JURISDICTION

2. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 2000e.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action.

4. Plaintiff timely files this action within ninety (90) days of receipt of his Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC).

## VENUE

5. Defendants are located and/or doing business within this judicial district (Middle District and the Northern Division of Alabama). This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 42 U.S.C. Section 2000(e)-5(f)(3) and 28 U.S.C. Section 1391(b).

## PARTIES

6. The Plaintiff, Sackda Sermsap, hereinafter referred to as "Plaintiff" is a forty-two (42) year old Asian-American male resident of the United States and the State of Alabama, residing in Montgomery County, Alabama. Plaintiff is a resident of this judicial district, and has been employed by Defendants at all times material hereto. Plaintiff is a member of the protected class for race within the meaning of Title VII. Plaintiff is also an employee of Defendants within the meaning of Title VII.

7. The Defendant, the City of Montgomery, hereinafter referred to as "City" is a municipality in the State of Alabama and is authorized to do business in the State of Alabama, and employs at least fifteen (15) persons and otherwise meets the jurisdictional prerequisites of Title VII.

8. The Defendant, Willie Peak, hereinafter referred to as "Peak" is employed by the City of Montgomery, Alabama, as the Mayor's Assistant. Willie Peak was the Mayor's Assistant at the time Plaintiff filed his EEOC Complaint.

9. The Defendant, William Manasco, hereinafter referred to as "Manasco" is employed by the City of Montgomery, Alabama. William Manasco is the City Engineer; however, he also serves as the Chief Administrator of Technical Services. William Manasco was assigned this position after the death of James H. Zeigler. William Manasco was the City Engineer at the time Plaintiff filed his EEOC Complaint.

10. The Defendant, Noah Johnson hereinafter referred to as "Johnson" is employed by the City of Montgomery. Noah Johnson was employed as the Solid Waste Supervisor.

11. The Defendant, David Hatcher, hereinafter referred to as "Hatcher" is employed by the City of Montgomery. David Hatcher is the Assistant Solid Waste Supervisor.

## FACTUAL BACKGROUND

11. Plaintiff first began working for Defendants on or about October 15, 1985. Plaintiff was hired as a mechanic.

12. On or about April 15, 2002, Defendants Peak and Johnson made Plaintiff Acting Master Mechanic. Plaintiff worked in this position until January 2005.

13. On or about October 20, 2005, Plaintiff was out of work due to back surgery. While Plaintiff was out, the Defendants opened up the Master Mechanic position. Defendants also closed this position before Plaintiff returned to work.

14. When Plaintiff returned to work and discovered that the position had been opened and closed, Plaintiff insisted that the position be re-opened so that he could apply. As a result, the Defendants re-opened the position and allowed Plaintiff to apply for the position. It is Plaintiff's belief that the Defendants had already chosen their "man."

15. Plaintiff received a letter stating that three people qualified for the job, including Plaintiff. Notwithstanding this fact the Defendants gave the job to Mr. Billups, even though Plaintiff had served in this capacity for almost three years and was clearly more qualified than Mr. Billups. Since Plaintiff was more qualified and had already served as master mechanic for a number of years, the only reason that Plaintiff is left to believe that he did not receive the Master Mechanic position was his race.

16. In fact, Plaintiff was required to train Mr. Billups for the Master Mechanic position.

17. Additionally, when Plaintiff served as Acting Master Mechanic, he was not compensated as a master mechanic. However, once Mr. Billups assumed the position he was compensated accordingly.

18. Throughout his employment with Defendants, Plaintiff has been subjected to a deliberate pattern and practice of disparate treatment with regard to the terms and conditions of his employment based on race.

## COUNT ONE

## RACE DISCRIMINATION - TITLE VII

19. Plaintiff adopts, realleges, and incorporates by reference paragraphs one through eighteen above, the same as if more fully set forth herein, and further alleges, anew.

20. In taking the above-described actions, Defendants intentionally discriminated against Plaintiff on the basis of his race, Asian-American, in violation of Title VII. Non Asian employees were not, and are not treated in a similar fashion.

21. As a proximate consequence of the violations of Title VII based on race by Defendants, Plaintiff has suffered and will continue to suffer damage to his professional life, and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court grant the following:

(a)  Assume jurisdiction over this action;

(b)  A judgment declaring that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), et seq. based on race;

(c)  An injunction requiring Defendants to promote Plaintiff to the rank of Assistant Superintendent of Solid Waste with full salary, all fringe benefits and other rights, including seniority rights to which he would have been entitled had he not been a victim of discrimination;

(d) All back pay and fringe benefits from the date of his wrongful denial of said promotion, with interest;

(e) Lost retirement benefits;

(f) Attorney's fees;

(g) Costs;

(h) Prejudgment interest; and

(i) An award of such compensatory damages for any loss of wages, and loss of benefits, including, but not limited to, retirement pension benefits, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal or equitable relief as the Court may deem appropriate to effectuate the purposes of Title VII, or which he may be entitled.

Respectfully submitted,

_____
Juraldine Battle-Hodge (BAT033)

6

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.

_____
OF COUNSEL

**PLAINTIFF'S ADDRESS**

Mr. Sackda Sermsap
7970 Co. Road 30
Shorter, AL 36075

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED**