IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SACKDA SERMSAP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:0 5-cv-1025-KW |
| | ) |
| CITY OF MONTGOMERY, et al., | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF BARBARA M. MONTOYA

Before me, the undersigned authority, personally appeared Barbara M. Montoya, who is known to me and who, being first duly sworn, deposed on oath, and says as follows:

My name is Barbara M. Montoya. I am over nineteen years of age. I am currently employed as the Director of the City/County of Montgomery Personnel Department. It is in that capacity that I state the following:

The Montgomery City/County Personnel Board (Personnel Board) is a separate entity from the City of Montgomery and serves as the personnel department for the City of Montgomery (City), the County of Montgomery, the Montgomery Airport Authority and the Montgomery Housing Authority. It is the responsibility of the Personnel Board to announce open positions, recruit and qualify applicants for employment for the various entities it serves. Appointing authorities, such as the Mayor of the City, select employees from a register of qualified applicants, except for the upgrade of service maintenance workers who are selected pursuant to procedures established through a Consent Order which was approved by the Federal Middle District Court of Alabama.

DEFENDANT'S EXHIBIT 2

1

Section 6 (b) of Act 2280, the Alabama statute which established Montgomery's Personnel Board, states:

> *If appointment is to be made from employment or promotional lists, the names of persons willing to accept appointment shall be certified by the Personnel Director in the order in which they appear on the lists. The number of names certified shall exceed by four the number of vacancies to be filled.*

In other words, the appointing authority is entitled to consider five candidates for each vacant position. The City-County of Montgomery Personnel Board Rules and Regulations Rule VII § 6(b) states:

> *When there are five (5) or less applicants who meet the minimum qualifications for an announced promotional examination or an open competitive examination, the Personnel Department's certification shall include all eligible candidates without administration of any selection procedure.*

Applicants are certified to the appointing authorities in accordance with the law which established the Personnel Board. That is, the appointing authority may consider five candidates for each vacancy; a procedure known as the "Rule of Five". Pursuant to law, the appointing authority may choose any one of the top five candidates certified as eligible for employment. It is not necessary for the appointing authority to choose the first person on the list. Otherwise, there would be no selection procedure and the appointing authority would have no discretion in the hiring process to fill vacancies. All vacancies would automatically be filled by the first ranked applicant as determined by Personnel.

Since 2001, it has been the policy of the current Mayor of the City that all registers are "open competitive". That means that city employees must compete with outside candidates for any city vacancy and there is no guarantee that a city employee will be in the top five candidates or will be considered or selected to fill a vacant position.

Prior to the Mayor's policy, city department heads could request a promotional register which prevented competition from outside candidates and increased the likelihood that candidates would be placed on the register without the administration of a selection procedure. This policy applies to all city employees, except the ranked positions, within the Police Department and Fire Department.

Charles E. Shaner resigned his position as Solid Waste Superintendent effective May 24, 2002. Noah Johnson was appointed to the position of Solid Waste Superintendent effective September 13, 2002. David L. Hatcher was appointed to the position of Assistant Solid Waste Superintendent effective October 10, 2003. The request to fill the position of Master Auto Mechanic was received by Personnel on October 7, 2004. The position of Master Auto Mechanic had been vacant since the retirement of Somboon Boriboon on June 5, 2003. The position was originally posted on December 8, 2004 and was closed for application on December 29, 2004. We received only one application and that applicant, Kenneth Braswell was determined to be qualified. An appointing authority is entitled to consider five (5) qualified applicants for each vacant position. Consequently, Mr. Manasco asked us to post the position a second time on January 10, 2005. On that same date, the position was reopened for applications with a closing date of January 31, 2005. We received six (6) applications, five (5) were qualified and one (1) was unqualified.

The five qualified candidates were certified to Mr. Manasco on February 24, 2005. Sackda Sermsap was on the list of five certified as qualified for employment. The other four names on the list were Solomon E. Billups, Kenneth W. Braswell, Johnnie L. Shaner, Jr. and Warren B. Thomas. The only two candidates on the list that were

employees of the City of Montgomery at that time were Sackda Sermsap and Johnie Shaner, Jr.

Solomon Billups was recommended to be appointed to the position of Master Auto Mechanic. The Mayor approved Mr. Billups appointment on April 12, 2005.

Rule VII, Section 8, of the City-County of Montgomery Personnel Rules and Regulations as set out by *Acts of Alabama* 2280, §§ c & d (1971) states the following:

> **Section 8: Temporary Appointments:**
>
> > In absence of appropriate employment lists, appointing authorities may make a temporary appointment of a person who is approved by the Personnel Director as being qualified to perform the work of the class. An employment list shall be established for such position within ninety (90) days. Temporary appointments shall be terminated at the end of ninety (90) days or as such time as an appointment can be made from an eligible register, whichever comes first. No person shall receive more than one temporary appointment, in any fiscal year. No credit shall be allowed in the giving of any examination of any employment or promotional lists for service rendered under temporary appointment. Temporary employees cannot be promoted or upgraded.

A temporary appointment requires action by the appointing authority which is the Mayor for the City and approval of the Personnel Director. Department heads and assistant department heads cannot make temporary appointments. There was no temporary appointment to the position of Master Auto Mechanic after the retirement of Somboon Boriboon but rather permanent appointment of Solomon E. Billups on April 12, 2005 following an announcement of the open competitive register in January 2005.

I have read the above and foregoing affidavit consisting of five (5) pages and state that it is true and correct to my present knowledge and information.

*[signature: Barbara M. Montoya]*
Barbara M. Montoya

**SWORN TO AND SUBSCRIBED** before me this 23rd day of June, 2006.

*[signature: Linda A. Ward]*
Notary Public

(SEAL)   My commission expires 8-10-2009