IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 JUL 19 P 12: 25

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| SACKDA SERMSAP, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF MONTGOMERY, *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

**CASE NO. 2:05-cv-1025-WKW**

## PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Sackda Sermsap, Plaintiff, in the above styled cause and moves this Honorable Court to deny Defendants' Motion for Summary Judgment. As grounds therefore, the Plaintiff avers that there is a genuine issue of material fact to be submitted at a trial, and the Defendants are not due their motion as a matter of law, as to any claims made by the Plaintiff. In support of his response, Plaintiff relies on the applicable law, pleadings and affidavits attached hereto, and for his response to Defendants' Motion, hereby states as set forth herein below.

**WHEREFORE, THE PREMISES CONSIDERED,** Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion for Summary Judgment, and allow this cause to move forward and be heard by a jury of Plaintiffs' peers.

## I. SUMMARY OF THE CASE

**Nature of the Case**

This action was filed by the Plaintiff on October 25, 2005. Plaintiff filed his original complaint against the City of Montgomery and Willie Peak, Noah Johnson and David Hatcher in their official capacities based on discrimination, national origin. The Plaintiff filed his Amended Complaint on or about November 10, 2005.

## II. PLAINTIFF'S SUMMARY OF UNDISPUTED FACTS

Plaintiff began working for the City of Montgomery on or about October 15, 1985. Plaintiff was hired as a mechanic. Plaintiff is a fifty-three (53) year old Asian male resident of the United States of America and the State of Alabama residing in Shorter, Alabama. Plaintiff is a member of the protected class for national origin.

On or about April 15, 2002, Defendants Peak and Johnson made Plaintiff acting Master Mechanic. Plaintiff worked in the position until January 2005.

On or about October 20, 2004, Plaintiff was on leave due to back surgery. While Plaintiff was out, the Defendants opened up the Master Mechanic position. Defendants also closed this position before Plaintiff returned to work. When Plaintiff returned to work and discovered that the position had been opened and closed, Plaintiff insisted that the position be re-opened so that he could apply. As a result, the Defendants purportedly re-opened the position and allowed Plaintiff to apply. However, it is Plaintiff's belief that the Defendants had already chosen "their man." On or about April 20, 2005, Defendants gave this job to Solomon

2

Billups, African American male, even though Plaintiff served in this capacity for almost three (3) years and was clearly more qualified than Billups.  Plaintiff is left to believe that the only reason he did not receive the Master Mechanic position was discrimination based on national origin.

In fact, Plaintiff was required to train Billups for the Master Mechanic position.  Additionally, when Plaintiff served as acting Master Mechanic, he was not compensated as a Master Mechanic. However, once Billups assumed the Master Mechanic position, he was compensated accordingly.  Throughout his employment with Defendants, Plaintiff has been subjected to a deliberate pattern and practice of disparate treatment with regard to the terms and conditions of his employment based on his national origin.

Noah Johnson was Plaintiff's supervisor.  Solomon Billups is similarly situated to Plaintiff and was treated more favorably than Plaintiff based on national origin.

### III. ARGUMENTS AND AUTHORITIES

#### A. Standard of Review for Summary Judgment

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and…the moving party is entitled to a judgment as a matter of law."  Rule 56 (c), *Federal Rules of Civil Procedure*; See also *Hill v. Clifton*, 74 F.3d 1150, 1152 (11th Cir. 1966).  The moving party bears the initial burden of informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a

3

genuine issue of material fact." *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998) (Citing *Cleotex Corp v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 25552-53, 91 L.Ed.2d 265 (1986). That burden is satisfied either by demonstrating that there is no evidence of a dispute of material fact or by demonstrating that the nonmoving party has failed to make a showing "sufficient to establish the existence of an element essential to the [nonmovant's] case, and on which that party will bear the burden of proof at trial." See *Cleotex, supra*, 477 U.S. at 322. It is well-settled that the Court, in passing on a motion for summary judgment, must view all evidence and resolve all reasonable inferences in favor of the nonmoving party. *Zipperer v. City of Fort Myers*, 41 F.3d 619, 622 (11th Cir. 1995).

Where there are questions as to whether the alleged conduct complained of exits, a summary judgment is not appropriate. As per the applicable legal standard for summary judgment, the Plaintiff has presented substantial evidence that a fair-minded person would infer the existence of the fact sought to be proved. Because of the applicable law, pleadings and affidavits attached hereto, the Defendants have not met the standard of review such that summary judgment is proper.

Title VII of the Civil Rights Act of 1964 prohibits an employer from discrimination against an individual such as Plaintiff, as it relates to compensation, terms, conditions or privileges of employment, based on race, color, religion, sex, or national origin. *42 U.S.C.S. Section 2000e-2(a) (1)*. To establish a prima facie claim of discrimination, the following elements must be

4

met: (1) Plaintiff is a member of the protected class; (2) he was subjected to an adverse employment action; (3) the Plaintiff was treated less favorably than the similarly situated employee(s) who are not members of the protected class; and (4) that the Plaintiff was otherwise qualified for the position.

Once the Plaintiff has met this burden, then the Defendants must show that there is a legitimate nondiscriminatory reason for the adverse employment action. Should the Defendants meet their burden of production, the presumption is eliminated, and the Plaintiff must then show that the reason given by the Defendants for their action is pretextual, and the actual reason for the adverse action is discrimination. *Howard v. EP Oil Co.,* 32 F. 3d 520, 525 (11th Cir. 1994). The Court in *Howard* reasoned that to survive summary judgment, Plaintiff need only prove that a genuine issue exists as to whether the reason for the decision was discrimination. *Howard supra.*

## B. Plaintiff Has Established a Prima Facie Case for Discrimination

As previously discussed where there are questions as to whether the alleged conduct of discrimination was in violation of Title VII of the Civil Rights Act of 1964, the Plaintiff must establish a prima facie case. To establish a prima facie claim of discrimination, the following elements must be met: (1) that Plaintiff belongs to a protected class; (2) that he was subjected to an adverse employment action; (3) that Plaintiff was treated less favorably than similarly situated employees who are not members of this protected class; (4) and that Plaintiff was otherwise qualified for the position.

5

A Supreme Court case discussing the burdens placed on the employee in employment discrimination case is *St. Mary's Honor Center v. Hicks.* In that case the court reasoned that the Plaintiff has to demonstrate a prima facie case that raises the presumption of discrimination. Further, the court reasoned that the prima facie case consists of the elements enunciated in the case of *McDonnell Douglas,* i.e., 1) Plaintiff is a member of the protected class, 2) Plaintiff was qualified for the position, 3) Plaintiff was subject to an adverse employment decision, and 4) Defendants replaced Plaintiff with an individual that is not a member of the protected class. *St. Mary's Honor Center v. Hicks,* 125 L. Ed. 2d 407, 113 S. St. 2742 (1993). Once the Plaintiff has demonstrated a prima facie case, the burden is then placed on the Defendants, and the Defendants are required to rebut the presumption by providing a legitimate, nondiscriminatory reason for the adverse employment action. If the Defendants do so, the Plaintiff is required to show that the reason given by the Defendants for the action taken is pretextual, and that the actual reason is that of discrimination.

In this case, Plaintiff is a member of the protected class, as he is Asian. Plaintiff was subjected to disparate employment treatment. Plaintiff served as acting Master Mechanic since April 15, 2002. In January 2005, Defendants opened up to the position and Plaintiff learned that Defendants selected an outside applicant. Plaintiff was denied the promotion. Plaintiff was treated less favorably when he was in effect passed over for the promotion for an individual who is not a member of the protected class.

Plaintiff was clearly qualified for the Master Mechanic position, as he had successfully worked in the position for some three (3) years.    Plaintiff has successfully made a prima facie case for discrimination.

## C. The Defendants Proffered Legitimate Business Reasons were Pretext for Discrimination

The Defendants offered what it has labeled as legitimate business reasons for Plaintiff's promotion denial on April 20, 2005.  Defendants opened the Master Mechanic position up "on paper" and placed an outside candidate in the position.  In doing so, Defendants purposely denied Plaintiff a promotion to Master Mechanic. The Defendants reported to the Plaintiff that the reason they promoted Billups was that "Billups responses to questions asked of all applicants indicated that he had knowledge and experience in diesel repair and maintenance." (See Defendants' Motion for Summary Judgment, p. 11 – Exhibit "1").    The Defendants contend that they correctly followed policy when they denied Plaintiff the promotion.    The Defendants contend that, "it is the responsibility of the Montgomery City/County Personnel Board (Personnel Board) to announce open positions, recruit applicants and qualify applicants for employment after the position is closed for the various entities it serves." (See Defendants' memorandum, p. 9).

In this case, the Defendants waited to announce the Master Mechanic position until after the Plaintiff was out on leave due to back surgery.  The Plaintiff was effectively left out of the selection process when the position opened and closed during the time Plaintiff was out on sick leave.  Given, the Defendants purportedly re-opened the search after the Plaintiff approached them.  However,

7

it is Plaintiff's belief that for all purposes, the Defendants had already completed the process and it was obvious that the Defendants had already made their selection, Solomon Billups.  The Defendants purposefully left the Plaintiff out of the selection process.

Plaintiff served as acting Master Mechanic from April 15, 2002, to June 5, 2005.  (See Affidavit of Sermsap, par. 5 – Exhibit "2").  t is city policy to not allow a position to be filled by temporary appointments for more than ninety (90) days, after the passage of ninety (90) days, per the City and County Personnel Policy, "Temporary appointments shall be terminated at the end of ninety (90) days or at such time the appointment can be made from an eligible register." (See excerpt from City and County of Montgomery Personnel Board Rules and Regulations – Exhibit "3").  Despite this policy being in place, the Plaintiff was made to serve in a temporary position for approximately thirty-five (35) months, only to have the position given to Billups.    Not only should the Plaintiff have received the promotion, he was technically due the position several months earlier according to policy.  This action taken by the Defendants further defuses their legitimate reason for not awarding Plaintiff the position, and further bolters the real reason Plaintiff was passed over for the position, discrimination.

The Defendants state that Plaintiff was not acting Master Mechanic.  The Defendants offer that, "…Peak and Johnson, were not in a position to make anyone acting mechanic…As previously stated, a temporary appointment requires action by the Mayor for the City and the Personnel Director." (See Defendant's Memorandum for Summary Judgment, p. 12).  The Defendants have

8

a history of "unofficially" placing individuals in acting positions for years, in a manner that does not follow its own policy. (See Sermsaps Affidavit, pars. 7, 8). This tactic gives the Defendants an "out" when they do not wish to grant the employee the position permanently.  This allows the Defendant to discriminate if it chooses to.  Defendants effectively "used" Plaintiff's skills and knowledge until they decided to place the individual of their choosing in the position. The Defendant's making a request to the City/County Personnel Board to fill the position while Plaintiff was on leave, was done merely as an appearance of a legitimate, non-discriminatory reason.

On February 21, 2006, *Ash v. Tyson Foods, Inc.*, 163 L. Ed. 2d 1053 (2006) was decided.  Here, the Supreme Court rejected the legal analysis in *Cooper v. Southern Co.*, 390 F.3d, 695.  In this case, the Supreme Court provides, "...the court of appeals erred in articulating the standard for determining whether the asserted nondiscriminatory reasons for the employer's hiring decisions were pretextual.  Some formulation other than the test the court of appeals articulated (that pretext could be established through comparing qualifications only when the disparity in qualifications was so apparent as virtually to jump off the page and slap you in the face) would better ensure the trial courts reached consistent results." *Ash v. Tyson Foods, Inc.*, 163 L.Ed. 2d 1053.  The Supreme Court stated, "The visual image of words jumping off the page to slap you (presumably a court) in the face is unhelpful and imprecise as an elaboration of the standard for inferring pretext from superior qualifications."

Here, the Defendants identified the following reason put forth as their legitimate, nondiscriminatory reason for the selection of Solomon Billups and not the Plaintiff. "Billups responses to questions asked of all applicants indicated that he had knowledge and experience in diesel repair and maintenance." (See Defendants' Motion for Summary Judgment, p. 11). Though the Defendants contend that Plaintiff did not work as acting Master Mechanic, through clear evidence, the Plaintiff has shown that he did in fact serve as acting Master Mechanic for approximately thirty-three (33) months.

These well orchestrated tactics taken by the Defendants further defuse their legitimate reason for not awarding the Plaintiff the position once he applied for it, and further bolsters the real reason the Plaintiff was passed over for the position, discrimination. The Defendants' actions remove their reason for the non-selection of Plaintiff and the selection of Solomon Billups as a "legitimate," non-discriminatory reason for the Plaintiff's non-selection.

The Plaintiff respectfully submits that Plaintiff's evidence of superior qualifications are probative of pretext when combined with the extensive amount of other evidence presented, such as, thirty-five (35) months he was made to serve as Acting Master Mechanic against City policy, and Plaintiff's years of experience with the City. Through the abundance of evidence of discrimination presented by the Plaintiff, it is apparent that the Defendants' proffered legitimate, non-discriminatory reason for non-selection fails as the real reason the Plaintiff was not selected for the job. The real reason was race discrimination. The Defendants rejected the Plaintiff based on discriminatory grounds.

Further, *Cooper* provides that, "the Eleventh Circuit Court of Appeals has indicated that the issue in discrimination cases is not whether one employee is better qualified than another because federal courts do not sit in judgment of an employer's decision." Whereas, the Supreme Court provided, "Under this Court's decisions, qualifications evidence may suffice, at least in some circumstances, to show pretext (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 259, 101 S.Ct. 1089, 67 L.Ed. 2d 207 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose him to Title VII liability, although this may be probative of whether the employer's reasons are pretext for discrimination") (quoting *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 148, 120 S. Ct. 2097, 147 L. Ed 2d 105 (2000) ("[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated")". *Ash* id*, at* 1057. The Plaintiff clearly has brought forth sufficient evidence to show that the Defendants' justification of the non-selection of the Plaintiff and selection of Billups was false.

For the reasons stated, and based on precedent set by *Ash v. Tyson Foods, Inc.*, 163 L. Ed. 2d 1053 (2006), rejecting *Cooper v. Southern Co.*, 390 F. Ed 695, 732 (11th Cir. 2004), *cert. denied* 126 S. Ct. 478 (2005), the Plaintiff respectfully submits to this Honorable Court that the Plaintiff has come forth with sufficient evidence to show that the Plaintiff has created a genuine issue of material fact with respect to whether the legitimate, non-discriminatory reasons

proffered for the decision to promote Billups to Master Mechanic was a pretext for discrimination.

## CONCLUSION

The Plaintiff has successfully made a prima facie case for discrimination. The question of legitimacy of Defendants' failure to promote the Plaintiff is certainly at issue, and is a question that should be decided by a jury of Plaintiff's peers. Based on the facts, caselaw and evidence that is in direct dispute to Defendants' claims; there is a genuine issue of material fact to be submitted to the jury. Where there are questions, the case must go to trier of fact.

**WHEREFORE PREMISIES** considered, Plaintiff request that this Honorable Court deny Defendants' request for summary judgment.

Respectfully submitted this the ___19th___ day of __July__.

_____
JURALDINE BATTLE-HODGE (BAT033)
Attorney for Plaintiff

LAW OFFICES OF JURALDINE BATTLE-HODGE
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104
Telephone: (334) 262-1177, 263-5575
Facsimile: (334) 263-5569

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July 2006, the foregoing document was served upon the following counsels of record by placing a copy of the same in the U.S. Mail, First Class postage prepaid, addressed as follows:

Hon. Kim Fehl
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, AL 36101-1111


_____
Of Counsel