IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SACKDA SERMSAP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:05-cv-01025-WKW |
| | ) |
| CITY OF MONTGOMERY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON PRE-TRIAL HEARING

The Court held a final pretrial conference in this case on September 22, 2006, wherein the following proceedings were held and actions taken:

**1.   Parties and Trial Counsel:**

Plaintiff Sackda Sermsap will be represented at trial by Juraldine Battle Hodge.

Defendants will be represented at trial by Kim Fehl.

**Counsel Appearing at Pre-trial Hearing:** same as trial counsel.

**2.   Jurisdiction and Venue:** Jurisdiction and venue are admitted. In the Complaint, Plaintiff alleged one count of race discrimination in violation of Title VII of the Civil Rights Act of 1964. Plaintiff alleged in an Amended Complaint one count of discrimination based on national origin in violation Title of VII of the Civil Rights Act of 1964.

**3.** **Pleadings:**  The following pleadings have been allowed: Complaint, Amended Complaint, Answer to Complaint and Answer to Amended Complaint.

**4.** **Contentions of the Parties:**

**a.** **Plaintiff's contentions:**

1. Plaintiff contends that he first began working for Defendants on or about October 15, 1985.

2. Plaintiff contends the he was hired as a mechanic.

3. Plaintiff contends that on or about April 15,2002, Defendants made Plaintiff Acting Master Mechanic.

4. Plaintiff contends that he worked in this position until January 2005.

5. Plaintiff contends that on or about October 20, 2005, Plaintiff was out of work due to back surgery.

6. Plaintiff contends that while Plaintiff was out, the Defendants opened up the Master Mechanic position. Defendants also closed this position before Plaintiff returned to work.

7. Plaintiff contends that when Plaintiff returned to work and discovered that the position had been opened and closed, Plaintiff insisted that the position be re-opened so that he could apply.

8. Plaintiff contends that as a result, the Defendants re-opened the position and allowed Plaintiff to apply for the position. It is Plaintiff's belief that the Defendants had already chosen their "man."

9. Plaintiff contends that Plaintiff received a letter stating that three people qualified for the job, including Plaintiff.

10. Plaintiff contends that notwithstanding this fact the Defendants gave the job to Mr. Billups, American male, even though Plaintiff had served in this capacity for almost three years and was clearly more qualified than Mr. Billups.

11. Plaintiff contends that since Plaintiff was more qualified and had already served as master mechanic for a number of years, the only reason that Plaintiff is left to believe that he did not receive the Master Mechanic position was his national origin.

12. Plaintiff contends that in fact, Plaintiff was required to train Mr. Billups for the Master Mechanic position.

13. Plaintiff contends that when Plaintiff served as Acting Master Mechanic, he was not compensated as a master mechanic. However, once Mr. Billups assumed the master mechanic position he was compensated accordingly.

14. Plaintiff contends that throughout his employment with Defendants, Plaintiff has been subjected to a deliberate pattern and practice of disparate treatment with regard to the terms and conditions of his employment based on national origin.

15. Plaintiff contends that Defendants intentionally discriminated against Plaintiff on the basis of his national origin, Asian, in violation of Title VII.

16. Plaintiff contends that non Asian employees were not, and are not treated in a similar fashion.

17. Plaintiff contends that as a proximate consequence of the violations of Title VII based on national origin by Defendants, Plaintiff has suffered and will continue to suffer damage to his professional life, and current and future career opportunities.

18. Plaintiff further contends that Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**b.   Defendant's contentions:**

Individual named Defendants, Willie Peak, William Manasco, Noah Johnson and David Hatcher, are sued in their official capacity. When a city official is sued in his official capacity, the suit is simply "another way of pleading an action against the entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Wallace v. City of Montgomery*, 956 F. Supp. 955 (M.D. Ala.1996). Furthermore, this action is a Title VII action against the employer, City of Montgomery. Relief granted under Title VII may only be had against the employer and not against the individuals whose actions constitute an alleged violation. *Busby v. City of Orlando*, 931 F. 2d 764, 772 (11th Cir. 1991). Consequently, Defendants Peak, Manasco, Hatcher, and Johnson should be dismissed.

Defendants contend that Plaintiff has failed to present a prima facie case of discrimination based on race or national origin. However assuming arguendo that Plaintiff established a prima facie case of discrimination, Defendants have demonstrated legitimate, non-discriminatory reasons for the decisions made and actions taken in hiring

black male, Solomon Billups, for the position of Master Auto Mechanic.  Plaintiff has not shown the Defendants acted with any discriminatory intent.  Plaintiff has not established that any of the proffered reasons given by Defendants were pretextual in nature.  There is nothing to be considered as evidence by this Court to show extreme disparity in qualifications or that Plaintiff's qualifications were clearly superior or that Plaintiff was significantly better qualified for the job.  The position was filled by a minority, black male Solomon Billups.

Plaintiff has not submitted any evidence pursuant to Rule 56, *Federal Rules of Civil Procedure* to support a claim for discrimination or to support denial of Defendants' Motion for Summary Judgment.  Plaintiff merely relies on his beliefs to make conclusory allegations of discrimination, which without more, are not sufficient to raise an inference of pretext or intentional discrimination where [a defendant] has offered extensive evidence of legitimate, nondiscriminatory reasons for its actions.  *Young v. General Foods,* 840 F.2d 825, 830 (11th Cir. 1988).

Plaintiff contends that he was in a temporary appointment as acting Master Auto Mechanic and relies on his misrepresentation of the intent of Rule VII, Section 8 of the City-County of Montgomery Personnel Rules.  A temporary appointment requires action by the appointing authority (Mayor for the City) and the Personnel Director.   The position of Master Auto Mechanic was never opened for temporary appointment but rather for an open competitive register.  Plaintiff has presented nothing in evidence to show that he held the Master Auto Mechanic position based on a temporary appointment by the Mayor.

Plaintiff has failed to provide evidence to support that he was denied the position "because of" his race or that his race motivated or contributed to the employer's decision. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1991).

Finally, this Court should not sit as a super-personnel department. Whether the Court agrees with them or not, the decisions of the Defendants should be upheld.

5. **Stipulations of fact by and between the parties:**

   a. Sackda Sermsap, an Asian male, was a Construction Equipment Operator II at the Landfill.

   b. David Hatcher, a white male, was appointed as the Assistant Superintendent of the Landfill in September 2003.

   c. William Manasco, a white male, is the former City Engineer.

   d. Willie Peak, a white male, is the Mayor's Assistant and was temporarily assigned to supervise the Landfill in the absence of a Solid Waste Superintendent.

   e. Noah Johnson, a black male, was appointed as Superintendent of the Landfill in September 2002.

   f. The Landfill is a division of Technical Services under the supervision of the City Engineer.

   g. Sackda Sermsap applied and was qualified by the City/County of Montgomery Personnel Board along with four other applicants for the position of Master Auto Mechanic.

It is ORDERED that:

1. The jury selection and trial of this cause, which is to last 1-2 days, is set for November 6, 2006, at 10:00 a.m. at the United States Courthouse, in a courtroom to be determined, in Montgomery, Alabama.

2. A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term.

3. The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions and verdict forms with legal citations thereon, on or before October 23, 2006.

4. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before October 30, 2006.

5. Each party shall submit at the time of trial, for use by the court (the judge, law clerk, and courtroom deputy), three copies of the witness list, exhibit list, and notebook of pre-marked exhibits.

6. Each party shall submit a sufficient number of copies of exhibits for each of the jurors and opposing counsel.

7. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

8. The parties shall notify Chambers of the undersigned on or before October 23, 2006, regarding any mediation efforts undertaken.

9. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 12) entered by the Court on January 4, 2006.

10. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all parties unless modified by the Court.

DONE this the 26th day of September, 2006.

                                  /s/  W. Keith Watkins
                            UNITED STATES DISTRICT JUDGE