IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SACKDA SERMSAP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | CASE NO. 2:05-cv-01025-WKW |
| ) | |
| ) | |
| CITY OF MONTGOMERY, et al., ) | |
| ) | |
| Defendants. ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This case is before the court on the defendants' Motion for Summary Judgment (Doc. # 16). For reasons to be discussed, the court finds that the motion is due to be granted.

**I. FACTS AND PROCEDURAL HISTORY**

The facts contained in the parties' evidentiary submissions, viewed in a light most favorable to the non-movant, show the following:

Sackda Sermsap ("Sermsap") is an Asian male, who has worked for Defendant City of Montgomery ("the City") since October 15, 1985. During the relevant time period, Sermsap was employed at the Landfill. The Landfill is a division of Technical Services under the supervision of the City Engineer. Defendant William Manasco ("Manasco") was the City Engineer during the relevant time period. Manasco submitted a request to the Montgomery City/County Personnel Board ("Board") to fill the position of Master Auto Mechanic in October 2004. The Board posted the position from December 8, 2004, to December 29, 2004. The Board received only one application, submitted by Kenneth Braswell ("Braswell"), who was determined to be a qualified applicant.

1

Under statutory law and Board rules, an appointing authority is entitled to consider five qualified applicants for each vacant position. Therefore, Manasco asked the Board to post the position again. The Board posted the position from January 10, 2005, to January 31, 2005, and received six applications. Sermsap applied for the position of Master Auto Mechanic during this posting period. He and four other applicants, Braswell, Solomon Billups ("Billups"), Johnnie Shaner, Jr. ("Shaner"), and Warren Thomas ("Thomas"), were deemed qualified. The Board placed the qualified applicants on the eligible register and certified them to the appointing authority, who is the Mayor in this instance, to be considered for appointment to the vacant position. Thomas did not respond to a request to be interviewed, and Braswell declined the opportunity to interview. Thus, three men were interviewed for the position: Sermsap, Billups, and Shaner.

The interviews were conducted by Manasco, Defendant David Hatcher ("Hatcher"), who was the Assistant Solid Waste Superintendent, and Defendant Willie Peak ("Peak"), the Mayor's Assistant who was temporarily assigned to supervise the Landfill in the absence of a Solid Waste Superintendent.[1] The interviewers asked each applicant the same nine questions:

1. Provide history of work pertaining to this position.
2. What supervisory positions have you held?
3. How well can you work with fellow employees?
4. Why do you think you can be a leader?
5. Do you think you can assign jobs and assure that they are completed in a timely manner?
6. How much time would be required to remove and replace a track from a D-8 dozier?
7. Can you diagnose, take down, and repair an engine?
8. How long would it take to tear down and repair a D-8 engine?
9. Does the garage limit your work?

---

[1] In their brief in support of the summary judgment motion, the defendants assert that Defendant Noah Johnson ("Johnson") was appointed as Superintendent of the Landfill in September 2002. However, Sermsap alleges in the Amended Complaint, and the defendants admit in their Answer, that Johnson was a Solid Waste Supervisor. In his brief, Sermsap asserts that Johnson was his supervisor. These assertions are not necessarily contradictory, and they do not create a question of fact as Johnson's title is immaterial here.

2

(Manasco Aff.) Based on the responses to these questions, the interviewers recommended Billups, an African American, to be appointed to the position of Master Auto Mechanic. Manasco avers that Billups's responses to the sixth, seventh, and eighth questions on the list "indicated that his knowledge and experience in diesel repair were somewhat better than Mr. Sermsap and Mr. Shaner." (*Id.*) The interviewers also considered the performance and work history of Sermsap and Shaner, who were both current employees of the City. Manasco avers that Sermsap's "merit increase had been delayed in the past due to poor work performance . . . ." (*Id.*) The Mayor approved Mr. Billups's appointment on April 12, 2005.

The defendants contend that, at all relevant times, Sermsap was a Construction Equipment Operator II at the Landfill. Sermsap avers that he was acting Master Mechanic from approximately April 15, 2002, to January 2005, and that he performed the duties of the Master Mechanic during that time period. In his brief, but not in the form of admissible evidence, Sermsap asserts that Peak and Johnson temporarily appointed him as the Master Mechanic in 2002.[2] The defendants refute that assertion and show that no temporary appointment to the position of Master Auto Mechanic was made when the position last opened in 2002. They demonstrate that "[a] temporary appointment requires action by the appointing authority, which is the Mayor for the City, and approval by the Personnel Director," and that department heads and assistants "cannot make temporary appointments." (Barbara M. Montoya Aff.)

In May 2005, Sermsap filed a charge of discrimination with the Equal Employment Opportunity Commission. He received notice of his right to sue on July 29, 2005, and brought this

---

[2] Sermsap makes other allegations in his brief that are not supported by admissible evidence. Because Sermsap "may not rest upon the mere allegations or denials of the adverse party's pleading," and his response "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial," the court cannot consider these allegations in its resolution of the summary judgment motion. *See* Fed.R.Civ.P. 56(e).

action on October 25, 2005, alleging racial discrimination under 42 U.S.C. § 2000e *et seq*. ("Title VII") against the City and individual defendants in their official capacity, Manasco, Hatcher, Johnson, and Peak. Sermsap later amended his complaint to allege discrimination based on national origin rather than discrimination based on race. Defendants filed the instant motion for summary judgment. Sermsap opposes the motion.

## II.  JURISDICTION AND VENUE

Because this case arises under Title VII, the court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both.

## III.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go

beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## IV.  DISCUSSION

Sermsap brings discrimination claims under Title VII. Title VII prohibits " an employer to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Because Sermsap sued the individual defendants in their official capacities, this suit is simply a suit against the City. Therefore, Sermsap cannot maintain a Title VII claim against the individual defendants, irrespective of whether they were sued in their individual or official capacities. Accordingly, all claims against Manasco, Hatcher, Johnson, and Peak are due to be dismissed.

To prevail on his claim against the City, Sermsap must prove an intentional discriminatory

motive by presenting either direct or circumstantial evidence of animus based on national origin. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993); *see, e.g., Lee v. Russell County Bd. of Educ.*, 684 F.2d 769, 771-772 (11th Cir.1982). Because Sermsap attempts to prove his claim through circumstantial evidence, his claim is analyzed under the burden-shifting analysis found in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Under the *McDonnell Douglas* and *Burdine* framework, the plaintiff must create an inference of discrimination by establishing a prima facie case. A prima facie case creates a presumption of discrimination. The employer must then "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1184 (11th Cir.1984) (citations omitted). The plaintiff may then attempt to show that these reasons are pretextual or may present other evidence to show that discriminatory intent was more likely the cause of the employer's actions. *Id*.

Sermsap argues that the City discriminated against him because his national origin is Asian. He asserts that he makes a prima facie case of national origin discrimination. The City does not specifically dispute Sermsap's establishment of a prima facie case. To establish a prima facie case of discrimination for failure to promote, a plaintiff generally must establish that (1) he is a member of a protected class; (2) he was qualified for and applied for a position that the employer was seeking to fill; (3) he was rejected; and (4) the position was filled with an individual outside the protected class. *See Vessels v. Atlanta Indep. School Sys.*, 408 F.3d 763, 768 (11th Cir. 2005). The court finds that Sermsap has established a prima facie case. It has not been contested that Sermsap's national origin is Asian, that he applied for the position of Master Auto Mechanic and was rejected, and that the City instead hired a person outside Sermsap's protected group. In its brief, the City

intimates that Sermsap was not qualified, but the City's own evidence shows that he was indeed qualified for the position. Sermsap's prima facie case creates an inference of discrimination.

However, this inference is rebuttable if the City carries its burden of production to articulate a legitimate, non-discriminatory reason for failing to promote Sermsap. *See Nix*, 738 F.2d at 1184. The employer's burden is "exceedingly light," requiring only that the employer offer evidence that could lead a rational fact-finder to believe the decision was not discriminatory. *Turnes v. AmSouth Bank, N.A*, 36 F.3d 1057, 1061 (11th Cir. 1994). Based on information gleaned in interviews of job applicants and knowledge of existing employees, the City contends that it hired the person with the better "knowledge and experience in diesel repair." (Manasco Aff.) The court finds that the City's proffered reason is sufficient to rebut the inference of discrimination.

The burden now shifts back to Sermsap to demonstrate that the City's reason is merely pretextual by introducing "significantly probative evidence." *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1228 (11th Cir. 1993) (citation omitted). He may meet this burden by pointing out "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action." *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004). The Supreme Court has held that a "plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 148 (2000).

Sermsap argues that he had been acting as the Master Mechanic since 2002 and, as such, he was due to receive the position. In support of this argument, Sermsap asserts that the defendants

have a history of unofficially making temporary appointments,[3] which "gives the Defendants an 'out' when they do not wish to grant the employee the position permanently." (Pl. Br. 9.) He concludes that "Defendants effectively 'used' Plaintiff's skills and knowledge until they decided to the place the individual of their choosing in the position." (*Id.*) Sermsap further argues that his qualifications for the job were superior to those of Billups: "Plaintiff's evidence of superior qualifications are probative of pretext when combined with the extensive amount of other evidence presented, such as, thirty-five (35) months he was made to serve as Acting Master Mechanic against City policy, and Plaintiff's years of experience with the City." (Pl. Br. 10.)

The court finds that Sermsap has not submitted any evidence that establishes that the City's reason for hiring someone else is pretextual. First, Sermsap offers no evidence to support his assertion that the City did not follow its temporary appointment procedure. The City's proof shows that only the Mayor has the authority to make a temporary appointment. The court credits Sermsap's averment that he performed duties that a Master Auto Mechanic would normally perform, but this does not establish that the City disregarded its own rules. Furthermore, even if the City had disregarded its rules in this instance, proof of such would not establish pretext for illegal discrimination. It would only show that Sermsap was qualified for the position.

---

[3] In his affidavit, Sermsap avers: "I have personal knowledge that the Defendants placed George Lockett in an acting position – Assistant Solid Waste Superintendent – for a period of sixteen (16) months and ultimately filled the position with another individual." (Sermsap Aff. ¶ 9.) He further avers:

> I am personally aware that when the Defendants were challenged about placing Mr. Lockett in the position and then wrongfully denying him this position, the Defendants used the same excuse that it used for me – that he was not the acting Assistant Solid Waste Supervisor, because they did not follow their own policy when they made Mr. Lockett the acting Assistant Supervisor.

(*Id.* ¶ 10.) Despite Sermsap's claims of "personal knowledge," these averments are nothing more than thinly-veiled statements of hearsay, which fail to meet the evidentiary requirements of Rule 56(e). As such, the court declines to consider the averments in weighing the pretext argument.

Second, Sermsap has not produced an "extensive amount" of evidence of his superior qualifications. From his affidavit it is known that he has been employed with the City since October 25, 1985, but it does not say in what capacity. Although Sermsap avers that he performed certain duties as acting Master Mechanic for a thirty-three month period, he offers no proof of what the position fully entails or whether he performed those duties at a superior, or even an adequate, level. Moreover, Sermsap offers no evidence of Billups's qualifications, which would allow the court to assess the disparity in the candidates' qualifications. *See Vessels*, 408 F.3d at 772. At most, Sermsap's evidence shows that he was qualified for the position of Master Auto Mechanic. None of Sermsap's evidence establishes that the City's reason for not hiring Sermsap is pretextual. Accordingly, the motion for summary judgment is due to be granted and the claim against the City is due to be dismissed.

## V.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that the defendants' Motion for Summary Judgment (Doc. # 16) is GRANTED. All claims are DISMISSED with prejudice. All remaining dates and deadlines are cancelled.

A judgment will be entered.

DONE this the 17th day of October, 2006.

                                              /s/  W.  Keith Watkins
                                           UNITED STATES DISTRICT JUDGE